I respectfully dissent from the majority's decision to dismiss this appeal and in doing so, refer to this court's previous decision inAlihassan v. Alliance Bd. of Zoning Appeals (Dec. 18, 2000), Stark App. No. 1999CA00402, unreported ("Alihassan I"). In that case, this court determined that Mt. Union College had standing to appeal the decision of the Planning Commission rendered on March 17, 1999, and therefore, the trial court properly denied Alihassan's motion to dismiss. We reached this decision, in Alihassan I, even though Mt. Union College failed to participate in the administrative proceedings by appearing at the March 17, 1999 Planning Commission meeting during which Alihassan's site plan was considered and approved.
The court explained, in Alihassan I, that:
 * * * in order to have standing to bring an administrative appeal under R.C. Chapter 2506, the adjacent or contiguous property owner must be directly affected by the decision of the administrative entity. In addition, he or she must have actively participated in the administrative proceedings unless he or she did not receive sufficient notice or the administrative entity exceeded its authority to act. Id. at 3.
Thus, we concluded, in Alihassan I, that Mt. Union College had standing because it was directly affected by the decision of the Planning Commission and did not receive sufficient notice of the scheduled hearing. The only fact that has changed, in the case sub judice, is that Mt. Union College actually participated in the administrative proceedings as it pertains to the amended site plans that are the subject of this appeal. Therefore, having already determined that Mt. Union College is an "aggrieved party" in Alihassan I, I find, under the doctrine of the law of the case, that Mt. Union College has standing as it remains an "aggrieved party" and participated in the administrative proceedings.
Accordingly, I would not dismiss the appeal and would proceed to address the merits of this case.